[Civ. No. 14751.  Second Dist., Div. Two.  June 19, 1945.]

PASADENA PLAYHOUSE ASSOCIATION (a Corporation) Respondent, v. COUNTY OF LOS ANGELES, Appellant.

FIRST TRUST AND SAVINGS BANK OF PASADENA (a Corporation) et al., Respondents, v. COUNTY OF LOS ANGELES, Appellant.

J. H. O'Connor, County Counsel, and Gordon Boller, Deputy County Counsel, for Appellant.

C. C. Hammill, Roland Maxwell, O'Melveny & Myers and L. M. Wright for Respondents.

WOOD (W. J.), J.—The plaintiff Pasadena Playhouse Association, which is an educational institution organized under division I, part IV, title 17 of the Civil Code, in which provision is made for the incorporation of colleges and seminaries of learning, commenced this action to obtain a refund of taxes paid for the tax year 1941-42. Plaintiff bank as trustee commenced a similar action and the two actions were consolidated for trial. A single judgment was rendered in favor of the two plaintiffs. The trial court found that plaintiff association is an educational institution of collegiate grade, not conducted for profit, whose profits were being used exclusively for the purposes of education. On this appeal from the judgment in favor of plaintiffs defendant contends that these findings are not supported by the evidence.

Plaintiff association is the record owner of approximately one-half of the property involved, consisting of the Fannie E. Morrison Building, a structure seven stories in height used primarily for class work and instruction. It is the beneficial owner of the balance of the taxed property, the legal title being held by respondent bank as trustee, consisting of the playhouse building, containing administration offices of the school, a recital hall, library and an auditorium used primarily as a laboratory in developing the histrionic talents of the students.

As the basis for its claim of exemption from the payment of taxes plaintiffs rely upon article XIII, section 1a, of the Constitution of California, which provides "Any educational institution of collegiate grade, within the State of California, not considered for profit, shall hold exempt from taxation its buildings and equipment, its grounds within which its buildings are located, not exceeding one hundred acres in area, its securities and income used exclusively for the purposes of education."

The Legislature in 1939 enacted section 203 of the Revenue and Taxation Code, which is as follows: "An educational institution of collegiate grade is an institution incorporated as a college or seminary of learning under the laws of this State, which requires for regular admission the completion of a four-

year high school course or its equivalent, and confers upon its graduates at least one academic or professional degree, based on a course of at least four years in liberal arts and sciences, or on a course of at least three years in professional studies, such as law, theology, education, medicine, dentistry, engineering, veterinary medicine, pharmacy, architecture, fine arts, commerce, or journalism. An educational institution of collegiate grade is not conducted for profit when it is conducted exclusively for scientific or educational purposes and no part of its net income inures to the benefit of any private person.''

■ Although the Legislature is without authority to limit or extend the exemption granted by the Constitution (*Pasadena University* v. *County of Los Angeles*, 190 Cal. 786, 788 [214 P. 868]), we find nothing in the legislative definition which supports the contention of defendant that plaintiff is not an educational institution of collegiate grade. It is to be noted that in this definition an institution to be accorded collegiate grade must have a course of study of at least four years in liberal arts and sciences *or* it must have a course of study of at least three years in professional studies, listing such subjects as achitecture, fine arts and journalism. Although the profession of acting is not specifically mentioned in the code definition, it is clear that the Legislature did not intend to make the professions specifically mentioned exclusive, for the code includes ''professional studies, *such as* law, theology . . . journalism.'' (Italics added.) It cannot be questioned that the occupation of acting is universally recognized as a profession.

■ The evidence is ample to justify the findings of the trial court that plaintiff association is such an institution as comes within the exemption allowed by the Constitution. Plaintiff association offers three different courses of study in drama and theatre arts, all based upon the entering student having successfully completed four years of high school work or its equivalent, furnished three satisfactory letters of recommendation and satisfied the faculty committee of his ability and earnestness. The first course contemplates two years' study of subjects as set forth in its catalog. For a successful completion of this course a diploma is granted. The second course is a three-year course which leads to a bachelor of theatre arts degree, and the third course of four years' work leads to a master of theatre arts degree. Plaintiff's require-

ments for the admission of students and for the course of study to be pursued are the equivalent of or superior to comparable courses in colleges and universities in California and in other state institutions which are recognized as of collegiate grade. All of the profits of the school and the income from the property involved are used to conduct the school of the drama. ■ The fact, emphasized by defendant, that the larger portion of plaintiff's students complete only the two years' course and do not receive a degree does not render ineffective the court's finding that plaintiff is an institution of collegiate grade. We find nothing in the Constitution or legislative enactments which requires that the majority of students must pursue their studies until degrees are obtained. ■ Nor are the findings of the trial court weakened by the fact that theatrical performances are presented to the public to which admission is charged. Clearly the school of the drama must have a means for the development of the abilities of the students, and argument is not necessary to convince that performances before a paying and critical audience furnish an excellent method for improvement on the part of the students. A stage in the auditorium might well be compared to the laboratory of a student of chemistry or physics. The fact that less than half of the actors taking part in the performances for which an admission is charged are students is of slight importance, for, the performances being upon a competitive basis, actors older than the students must be procured to take the parts calling for older persons. It is noteworthy that plaintiff association received a smaller income from its paid performances than it received from its paid tuitions.

Defendant cites *Pasadena University* v. *County of Los Angeles, supra,* but we find nothing therein which bears out its contention. In that case the trial court found that plaintiff was not an educational institution of collegiate grade, and the reviewing court held that its findings were supported when it was shown that the total number of enrolled students was 304, of which number only 37 had completed a four-year high school course before admission to the institution. Eighty-nine of those enrolled had only grammar grade preparation and only a small fractional part of the student body was engaged in work of a collegiate grade.

■ We find no merit in defendant's contention that plaintiff association is barred from seeking a refund of the taxes because of the fact that it filed a petition with the board of

equalization for a reduction in the assessed value placed upon its properties. Plaintiff filed its claim for a refund before it appeared before the board to obtain a reduction in the assessment. At that time the assessor had not granted the exemption. Plaintiff was not compelled to forego its right to demand a just valuation of its property because of the delay of the authorities in determining whether its property was exempt from taxes. It was merely following a course dictated by good business judgment and was not conceding that it should be taxed in any sum whatever.

Nor is there merit in defendant's contention that the claim should be barred, at least in part, because of the failure of the bank as trustee to file a claim of exemption with the assessor. The bank, not being an educational institution of collegiate grade, could not properly file the claim, which was filed by the proper party, the beneficial owner. (*Third & Broadway Bldg. Co.* v. *County of Los Angeles,* 220 Cal. 660, 665 [32 P.2d 377].)

The judgment is affirmed.

Moore, P. J., and McComb, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied August 16, 1945. Gibson, C. J., and Traynor, J., voted for a hearing.